**STATE of Texas and McLennan County, Appellants,**

v.

**William P. CLARKE et al., Appellees.**

**No. 4251.**

Court of Civil Appeals of Texas.

Waco.

Nov. 5, 1964.

Haley, Koehne, Fulbright & Winniford, Waco, for appellants.

Sleeper, Boynton, Burleson, Williams & Johnston, Waco, for appellees.

McDONALD, Chief Justice.

This is a condemnation case. Plaintiffs State and County condemned defendant's home, consisting of 3.93 acres (and improvements) for road purposes. Trial was to a jury which found the value of the property taken on April 30, 1963 to be $40,000. The Trial Court entered judgment on the verdict for the defendant landowners for $9,000 (the sum by which $40,000 exceeds $31,000 awarded by the Commission and heretofore deposited in the registry of the court).

Plaintiffs appeal, contending "the Trial Court erred in excluding from evidence, plaintiffs' Exhibit 6, which was a moving picture of the area of subject property, which action of the Court resulted in an excessive verdict."

This is a total taking case. Defendant's home place consisted of 3.93 acres of land;

a 1½ story Austin Stone home of some 2280 square feet; a garage with a garage apartment above it; a lake; an underground sprinkling system; and considerable trees, shrubbery, and flower beds. Defendant testified his property was worth $47,500; defendant's 2 expert witnesses testified his property was worth $42,500 and $40,500. Plaintiffs' 3 expert witnesses testified the property was worth $24,000, $28,000, and $28,750. The award of the Special Commission was $31,000; and as noted the jury case valued the property taken at $40,000. Plaintiff introduced 6 aerial photographs and 9 ground photographs of the property and improvements; defendant introduced 1 aerial photograph and 56 other photographs of the property. All witnesses testified in great detail as to the property, its location, and the improvements.

Plaintiff sought to introduce a motion picture made from an automobile on the last day of the trial in the trial court, and almost a year after the date of the taking. The trial court excluded the tendered evidence. We have viewed the motion picture. It shows many tracts of property up and down the highway for approximately 2 miles on each side of the property taken.

The motion picture was taken some 10 months after the taking of the property, while the improvements were being moved away, and after some changes had taken place in the area.

The Trial Court is accorded considerable discretion in ruling on the admission or exclusion of photographic evidence. City of Ft. Worth v. Barlow, (n. r. e.) Tex. Civ.App., 313 S.W.2d 906; Texas Emp. Ins. Ass'n v. Agan, Refused, Tex.Civ.App., 252 S.W.2d 743; 62 A.L.R.2d p. 689; Richardson v. Missouri-K-T Ry. Co., Dis. Tex.Civ. App., 205 S.W.2d 819; Consolidated Furniture Co. v. Kelly, Tex.Civ.App., 369 S.W.2d 53.

We cannot say the Trial Court abused his discretion in excluding the motion pictures; and in any event, in view of the other evidence and pictures introduced into evidence and the verdict of the jury, we cannot say that the exclusion of this evidence probably caused the rendition of an improper judgment. Rule 434 Texas Rules of Civil Procedure; Consolidated Furniture Co. v. Kelly, supra.

Plaintiffs' contention is overruled and the judgment of the Trial Court is affirmed.