**CENTRAL POWER & LIGHT COMPANY,**
Appellant,

v.

**Eulalia R. MARTINEZ et al., Appellees.**

No. 746.

Court of Civil Appeals of Texas,
Corpus Christi.

April 20, 1973.

Anderson, Smith, Null & Stofer, James N. Stofer, Victoria, for appellant.

Lawrence A. Dio, Port Lavaca, O. F. Jones, Victoria, for appellees.

OPINION

YOUNG, Justice.

This is an appeal from a condemnation proceeding brought by Central Power & Light Company to condemn a 4.1 acre strip easement (60 feet wide) out of a 190.1 acre tract for purposes of establishing a high voltage electric transmission line over

defendants' property. Based on the jury verdict, the trial court rendered judgment awarding compensation to the defendants in the sum of $14,796.00. The plaintiff appeals.

The defendants' property is located in Calhoun County, Texas, in a rural area some two and one-half miles southwest of Port Lavaca. The property is used predominately for farming operations. The easement taken runs along the southeast border of the defendants' property for approximately 2,900 feet. Appellants have erected three steel towers on the easement which carry three circuit wires and two shield wires. One of the defendants, Elias R. Martinez, farms the property and lives with his family in a residence which extends into the easement a distance of 25.6 feet. The auxiliary farm buildings near the residence consist of a garage with attached tractor shed, which is situated entirely within the easement, and a storage shed, which is seven feet from, and completely outside, the easement.

We summarize the conclusions of the principal expert witnesses as to the easement and remainder before and after taking, together with the jury's verdict, in the following chart:

| | Part Taken 4.1 acres | | Remainder 186 acres | | |
| | Before | After | Before | After | Damage |
|---|---|---|---|---|---|
| 1. W. S. Duke, Jr. (Defendants' witness) | $2,240.00 | $410.00 | $74,360.00 | $54,565.71 | $21,624.29 |
| 2. Ron Brown (Plaintiff's witness) | $1,750.00 | $400.00 | $79,950.00 | $79,950.00 | $ 1,350.00 |
| Jury Verdict | $2,000.00 | $400.00 | $75,500.00 | $62,304.00 | $14,796.00 |

Appellant complains in point one of the trial court's action in sustaining of appellees' motion in limine regarding appellant's offering of testimony of intention to make a lesser use of the easement than that set out in the condemnor's pleadings. Further, in point two the appellant complains that the trial court improperly refused, upon objection of defendants, to admit testimony of its witness, Fred Youngs, dealing with actual uses of the easement which were reasonably foreseeable and probable.

Prior to the commencement of trial and the voir dire examination of the jury panel, the trial court sustained appellees' motion in limine prohibiting:

"Reference to any of the Plaintiff's witnesses admitting that they intend to use a lesser use of the easement than that which is set out in their pleadings;
. . ."

Subsequently, during the course of the trial, the witness, Fred Youngs, was asked this question:

"Q Now, one other thing, Mr. Youngs. After the three transmission towers are placed on the Martinez property, or on any property along the transmission line, subsequent to their being constructed and the C. P. & L. people leave, in the event that it becomes necessary for C. P. & L. to go back on the land to make any form of repairs, are you familiar with the practice of C. P. & L. for compensating the landowner for any property rights that may have been damaged by going on the land?"

Objection by appellees' attorney follows:

"Objection, Your Honor. That has no bearing on this case. He is asking this man to tell about what they are going to do if they damage the property, which is not an issue in this case."

The Court: "Sustained."

No further questions were asked the witness at that time. Earlier in the trial, however, this witness did testify concern-

ing conditions (number and location of towers and number and types of wires) on the easement at the time of trial and concerning the intention to use the property in the future to the extent set out in the pleadings. Otherwise there is nothing in the record by way of bill of exception by which appellant seeks to indicate what testimony it was prohibited from showing to the jury about reasonably foreseeable and probable uses of the easement.

■■ The sustaining or overruling of a motion in limine has been held not to be reversible error. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup.1963); Johnson v. Reed, 464 S.W.2d 689 (Tex.Civ.App.—Dallas 1971, n. r. e.). Error is not shown in the exclusion of evidence unless the record shows clearly, by bill of exceptions or otherwise, what the evidence would have been if admitted. Merrifield v. Seyferth, 408 S.W.2d 558 (Tex.Civ.App.—Dallas 1966, no writ).

■■ Appellant relies on City of Pearland v. Alexander, 483 S.W.2d 244 (Tex. Sup.1972). There the overriding issue between the parties concerned the actual uses the City of Pearland would make of the ten-acre site, together with the right of the City to establish those uses which were reasonably probable. By instruction in the charge, the court required the jury "to *presume* that the City of Pearland will exercise its rights and use and enjoy this property *to the full extent for such a sewerage disposal plant.*" (Emphasis supplied.) This instruction was held to be erroneous as a comment on the weight of the evidence. The *Alexander* case is readily distinguishable from the present case in that no instruction in the charge to the jury was given *requiring the jury to presume* that Central Power & Light Company would use the *entire easement* for towers and electric transmission lines. (Emphasis supplied). Therefore, appellant's first two points of error are overruled

By its points three through six, appellant complains that certain testimony of wit-

ness, W. S. Duke, Jr., dealing with the costs of relocating appellees' improvements, was improperly admitted by the trial court. Appellant says most of such testimony of Mr. Duke was based on bids from others not before the court, and therefore constitutes hearsay. Further, appellant says that such testimony would cause a betterment for appellees and permit them to recover double damages.

In addition to being in the business of appraising property, Mr. Duke stated that he was also in the business of real estate, contracting (building about ten houses each year), mortgage lending and insurance. His qualifications as an expert were not challenged except as to relocation costs.

On direct examination, Mr. Duke testified that he considered bids as follows: $1,635.00 from a house mover; $1,257.93 from a carpenter; $2,765.00 from a plumber; $1,700.00 from a nurseryman; and $900.00 from a truck-hauler. The total amount of such bids was $8,257.93. At the beginning of the offering of this testimony about bids, the appellant's attorney objected as follows:

> "Your Honor, we are going to object to offering that into evidence, and we are going to object to his testifying as to information that he obtained in connection with this bid. This is hearsay and we have absolutely no opportunity to cross examine him, Your Honor."

The Court: "Overruled. Hearsay is admissible from an expert."

Later, the court granted the request of appellant's attorney to "have a running bill to all of this information he (Duke) has received from outside people."

Incident to the relocation of the house, garage with attached shed, and storage shed, the witness gave his opinion for the total cost as $16,076.29. According to him the remainder (186 acres) was further reduced in price by $3,718.00 (approximately $20.00 per acre), due to the burden of the easement. Mr. Duke's opinion of the total

devaluation of the remainder was $19,794.-29 ($16,076.29 plus $3,718.00). He gave his opinion of fair market value of the remainder before and after taking as $74,360.00 and $54,565.71, respectively.

Also, appellant's witness, Mr. Lyman Saylor, testified regarding relocation costs in the amount of $3,785.00 and stated that he considered bid information from others (not before the court).

■ After Special Issue No. 4 inquiring about the market value of the remainder (186 acres), the trial court instructed the jury:

" . . . you may take into consideration the reasonable cost of removing and reestablishing improvements from the right-of-way, but these matters can only be considered by you as affecting the market value of the land, if they do affect it."

Relocation costs are sometimes a proper inquiry as set out in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979 at page 980:

" . . . . if the improvements which are situated upon the portion of land taken are essential to the use and enjoyment of the remainder of the land, or if their replacement, by removal or reconstruction, is necessary in order to obviate depreciation in the value of the residue, the cost of removal, and/or reconstruction and/or replacement may be a proper inquiry in connection with the issue of diminished market value of the remainder. . . ."

■ When testifying concerning facts upon which his opinion is based, an expert's testimony will not be excluded merely because it is based upon what is usually regarded as hearsay. Cole v. City of Dallas, 229 S.W.2d 192 (Tex.Civ.App.—Dallas 1950, n. r. e.). To the same effect see State v. Oakley, 163 Tex. 463, 356 S.W.2d 909 (1962); City of Houston v. Huber, 311 S.W.2d 488 (Tex.Civ.App.—Houston 1958, no writ). In Huckabee v. State, 431

S.W.2d 927 (Tex.Civ.App.—Beaumont 1968, n. r. e.) the appellate court approved the trial court's permitting a witness to testify, over the objection of hearsay, as to cost of replacement of an electric sign based upon conversation with a sign man. There the court said:

" . . . The qualification of a witness to testify as to value is one for a trial court to determine, and will not be disturbed on appeal unless there is an abuse of discretion. No such abuse is shown in this case, . . . "

■ We find no reversible error in the trial court's admission of the testimony complained of, especially in view of similar testimony by appellant's witness and the limiting instruction in the trial court's charge. Appellant's points three through six are overruled.

Appellant's seventh point complains that the trial judge erred in refusing to admit into evidence certain photographs. These photographs were offered for the purposes of rebuttal to testimony of appellees' witnesses that electric transmission lines interfered with television and radio reception and that people would not live under or in close proximity to such lines.

There were seven photographs offered collectively by the appellant. Four depicted city residences with lines near or over the buildings shown. Two depicted lines near or over a Gulf filling station. And one showed Port Lavaca High School with lines near it. The testimony of Fred Youngs (on a bill of exception) was that he had taken five of the photographs and was acquainted with the property shown in the other two. None of the scenes showed any of the property subject to this condemnation suit. The trial court refused admission of the photographs, on objection of appellees' attorney, when initially offered and again after the bill of exception was made.

Mr. Youngs later testified, and explained why the proposed electric transmission

lines over the Martinez house would not create an unsafe condition and why such lines would not likely cause radio and T.V. interference. Later, Mr. Ron Brown (appellant's witness) testified about many instances of electric wires running near and over residences in Port Lavaca, San Antonio and Victoria and that market values were not adversely affected by the presence of such lines. He also testified that the market value of the remainder (186 acres) of the Martinez property would not be damaged because of the appellant's lines over the buildings.

The trial court is accorded considerable discretion in ruling on admission or exclusion of photographic evidence. State v. Clarke, 383 S W.2d 953 (Tex.Civ. App.—Waco 1964, no writ); 32 C.J.S. Evidence § 716, pp. 1018–1021. The photographs certainly could not show whether there was, or there was not, radio and TV interference caused by electric transmission lines. Furthermore, if the offered photographic evidence showed that people lived near or under such lines, then such evidence was cumulative of Mr. Brown's testimony. Appellant's point seven is overruled.

In its point eight, appellant says the trial court erred in refusing to admit certain testimony of witness Duke on cross-examination, concerning market value of the Martinez home (located partially in the easement to be taken).

The appellant's attorney indicated to the trial judge that he wanted to ask Mr. Duke if the fee simple title to the house were taken, would that cost be less than the cost of picking up the house and moving it. An objection to such a question being asked was sustained. Previously in the trial Mr. Duke had testified at least once, on cross-examination, about his estimate of the value of the house sitting presently on a one-acre tract, $8,500.00, as compared to the cost of moving it, $16,076.29.

We hold that, if there was error by the trial court, it was not reversible error. Rule 434, Texas Rules of Civil Procedure. Appellant's point eight is overruled.

Next, the appellant complains in points nine through eleven that the jury's answers to the before and after value of the remainder were not supported by competent evidence and that the award, $13,196.00, based upon such answers was excessive.

The statement of facts in this case comprises 440 pages and we have reviewed the evidence thoroughly. There is extensive testimony, both direct and cross-examination, on each seriously contested point. The appellant offered the testimony of three expert witnesses, and the appellees offered the testimony of four expert witnesses and the testimony of the defendant who farmed the land in question. The jury did not accept the highest or the lowest value in arriving at their answers. The jury was entitled to select and choose the testimony it wanted to believe, and set the value at any amount between the highest and the lowest expressed by the opinion witnesses. Centerville Independent School District of Leon County v. Wingfield, 450 S.W.2d 946 (Tex.Civ.App.—Waco 1970, no writ); South Texas Electric Cooperative, Inc. v. Ermis, 396 S.W.2d 955 (Tex.Civ. App.—Corpus Christi 1965, no writ). Appellant's points nine through eleven are overruled.

The judgment of the trial court is affirmed.