Albert HESTER et ux., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 6284.

Court of Civil Appeals of Texas, El Paso.

June 20, 1973.

Rehearing Denied July 25, 1973.

Haley & Smith, Stephen L. Haley, Seminole, for appellants.

Freeman & Curry, William T. Curry, Seminole, for appellees.

## OPINION

PRESLAR, Justice.

This is an eminent domain proceeding in which the State of Texas and County of Gaines condemned for highway widening purposes 0.621 of an acre of appellants' land out of a tract 270 feet wide and 200 feet deep. The tract taken fronted on the highway and amounted to approximately one-half of the total of appellants' property; it was virtually unimproved, but the remaining property was occupied by a brick veneer house and its yard. Trial was to a jury which found the value of the land taken to be $10,000.00 and damage to the remainder to be $3,000.00. Those were the only issues, as the right to take and the necessity thereof were admitted. The property owners' motion for new trial was overruled by operation of law and they seek this appeal. We are of the opinion that no reversible error is presented and the judgment should be affirmed.

Judgment was rendered on the 24th day of March, 1972, and appellants filed their motion for new trial on March 30th. They filed an amended motion for new trial on May 18th after first petitioning the Court and receiving permission by written order to make such filing. This amended motion for new trial was not filed within the time specified by Rule 329b, Texas Rules of Civil Procedure—that time being twenty days after the filing of the original motion for new trial, except when the last day shall fall on a day when the County Court is in vacation, when the time shall run to the fifth day of the next term. The transcript shows the term of the County Court to be such that this last provision does not apply. Not being timely filed, the amended motion for a new trial is a nullity insofar as this appeal is concerned. McDonald, Texas Civil Practice, Vol. 4, Sec. 18.06.2, New Trial, p. 245; Berger v. Greve, 303 S.W.2d 466 (Tex. Civ.App.—Beaumont 1957, ref'd n. r. e.); Arana v. Gallegos, 284 S.W.2d 958 (Tex. Civ.App.—San Antonio 1955, n. w. h.); Lowry v. Lowry, 481 S.W.2d 462 (Tex. Civ.App.—Austin 1972, dism'd); Heldt Brothers Trucks v. Alvarez, 477 S.W.2d 691 (Tex.Civ.App.—San Antonio 1972, ref'd). The trial Court had no authority to extend the time for filing the amended motion for new trial. Heldt Brothers Trucks v. Alvarez (supra). The amended motion for new trial being a nullity, it cannot form the basis for points of error on appeal. Hartford Accident & Indemnity Company v. Gladney, 335 S.W.2d 792 (Tex.Civ.App.—Waco 1960, ref'd n. r. e.). However, the appeal to this Court is timely, for the appellate timetable was met from the date of the overruling by operation of law of the original motion for new trial. Appellants are before this Court, but they are here only as to such assignments of error as were made in their original motion for new trial.

Under the provisions of Rule 324, T.R.C.P., the filing of a motion for new trial was a prerequisite for appeal in this case, and Rule 374, T.R.C.P., provides:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived. * * *"

Our review is therefore limited in this case to those points of error which are germane to an assignment of error in the original motion, and those points of error in this Court which were not brought to the attention of the trial Court in the motion for

**504**

new trial will be considered as waived and not preserved for appellate review. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Swafford v. Boyles, 437 S.W.2d 306 (Tex.Civ.App.—El Paso 1969, n. w. h.); Lopez v. Allee, 493 S.W.2d 330 (Tex.Civ.App.—San Antonio 1973, n. w. h.).

■■■ Appellants urge error in the Court's failure to rule on their motion in limine to exclude evidence as to the purchase price of their land. The failure to act on the motion itself would not be error, as any error could only arise from rulings when the evidence was offered and objected to. City of Houston v. Wisnoski, 460 S.W.2d 488 (Tex.Civ.App.—Houston (14th Dist.) 1970, ref'd n. r. e.). As to the admission of such evidence, it is apparent that appellants waived any objection to its admission by first introducing it themselves, and by their failure to object in one instance when it was later offered by appellees. Further error is urged in the use of this original purchase as a comparable sale by two appraisers in forming their opinions as to value of the land taken. These witnesses qualified as experts, able to value land, and familiar with land values in the area, and the use of comparable sales was only one ingredient in arriving at their opinion as to value. As noted, the evidence of the transaction was placed before the jury by the appellants, so the usual question of admissibility is not present. What is left, as possible error, is that the expert considered it a comparable in his process of forming an opinion. In that, we see no error which would call for a reversal of this cause. Any damage to the appellants would seem to be possible prejudice of their case in the eyes of the jury from the purchase price, not from the use by the appraiser as a comparable. Such speculative injury is not borne out, for the purchase price was $10,000.00 and the jury placed the value of the approximately one-half taken at $10,000.00. The contention is that the purchase sale is too remote in time to be used as a comparable.

This question is held to be not predetermined by any inflexible rule, but must rest largely in the discretion of the trial judge. City of Houston v. Pillot, 73 S.W.2d 585 (Tex.Civ.App.—Galveston 1934, rev'd on other grounds, 105 S.W.2d 870); Cravens v. City of Amarillo, 309 S.W.2d 903 (Tex. Civ.App.—Amarillo 1958, dism'd; 358 U.S. 882, 79 S.Ct. 122, 3 L.Ed.2d 111); 22 Tex. Jur.2d, Eminent Domain, Sec. 301, p. 426. We can only review for abuse of discretion, and we find none here, when we look at the evidence as the best use of the property at the time of taking and time of purchase and other factors showing comparability.

Another property used as a comparable also involved appellants. Their next door neighbor owned a tract the same size as theirs and about the same amount thereof was condemned. Appellants purchased the remainder of their neighbor's tract and they object to the use of that transaction as a comparable. We are of the opinion that the evidence shows that it was a free and open transaction not tainted as a sale under threat or compulsion, for it occurred some six months after completion of the condemnation and was between individuals free to bargain. Appellants' motion for mistrial relating to the price their neighbor received for the condemned tract is one of those items not preserved for review as it was not included in their motion for new trial.

■■■ Complaint is made of the use of properties 40 to 90 miles away as comparable by a witness. Examination of the record reveals that the evidence surrounding those properties was not used as sales comparables by the appraisers in forming opinions as to value. It related to damage to the remainder from having a highway near the residence and the resulting traffic noises and fumes. A house similarly situated by the side of the road would suffer the same annoyances and its distance from the appellants' house would not make the evidence inadmissible. We perceive no er-

ror, as appellants' objection was on the matter of distance.

The charge was submitted to the jury without objection. It contained appropriate instructions and definitions, including the fact that the burden of proof was on appellants. Three issues were submitted—the value of the strip taken, value of the remainder before taking, and the value of the remainder after taking. As to each of these issues, appellants contend that there is no evidence, and that the findings as to each is against the great weight and preponderance of the evidence. After examining the extensive evidence adduced in this cause, in light of the rules enunciated in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952), we overrule these contentions. The jury had the benefit of the opinions of three appraisers who qualified as experts, and their opinions and the jury findings are:

| | Value of strip taken | Value of remainder after taking | Value of remainder before taking | Difference as to remainder |
|---|---|---|---|---|
| Woltz | $81,000.00 | $38,950.00 | $34,000.00 | $4,950.00 |
| Noble | $ 6,000.00 | $29,000.00 | $28,000.00 | $1,000.00 |
| Harris | $ 5,850.00 | $28,650.00 | $26,850.00 | $1,800.00 |
| JURY | $10,000.00 | $29,000.00 | $26,000.00 | $3,000.00 |

The jury valued the land well within the range between the highest and lowest estimate of the expert witnesses, except that the lowest after taking value of the remainder was $850.00 less than any estimate. Appellants cannot complain of that however, for it was to their benefit. From the voluminous record in this case, it is apparent that the jury had before it a full and complete picture of the land in question, its location, kind and character. It was the province of the jury, from the evidence as a whole, to find the value of the land in accordance with the Court's charge. The jury was at liberty to reach its conclusions by blending all of the evidence before it, aided by their own experience and knowledge of the subject of inquiry. They were not required to depend on the evidence from a single source, could accept lay testimony over that of experts, and believe one witness and disbelieve others. As indicated, we are of the opinion that there was evidence to support the findings as to each of the three issues, and that such findings as to each are not against the great weight and preponderance of the evidence.

The judgment is affirmed.