**Phil P. O'NEAL,**

v.

**The COUNTY OF SAN SABA.**

**No. 12955.**

Court of Civil Appeals of Texas, Austin.

Jan. 16, 1980.

Rehearing Denied Feb. 27, 1980.

James A. Childress, Senterfitt, Adams, Miller & Childress, San Saba, and Shannon H. Ratliff, S. Jack Balagia, Jr., McGinnis, Lochridge & Kilgore, Austin, for appellant.

Warden Terry, County Atty., San Saba, Jack Lee, Lee & Lee, Mason, for appellee.

SHANNON, Justice:

Appellant Phil P. O'Neal has appealed from entry of judgment by the district court of San Saba County. The transcript in the cause was filed on November 2, 1978. From September 8, 1978, to date, appellant has endeavored without success to obtain a complete statement of facts from the court reporter for the 33rd Judicial District Court of San Saba County, Gary W. Stovall. See *O'Neal v. County of San Saba,* 577 S.W.2d

795 (Tex.Civ.App.1979, no writ). On April 4, 1979, this Court, after hearing, directed the Clerk of this Court to issue a writ of mandamus commanding Stovall to complete the statement of facts and deliver the same to the office of the Clerk on or before April 19, 1979, for inspection by counsel. *O'Neal v. Stovall*, 580 S.W.2d 130 (Tex.Civ.App. 1979).

Stovall failed to deliver the statement of facts on April 19, 1979. After hearing, this Court found Stovall in contempt for failing and refusing to complete and deliver the statement of facts as ordered. Thereafter, this Court entered a judgment of contempt ordering Stovall to pay a sum certain for each day after April 19, 1979, that he failed to deliver the statement of facts.

Stovall caused the statement of facts to be delivered on August 16, 1979. Upon inspection, counsel determined that Stovall had not included the following in the statement of facts: *voir dire* examination, cross-examination of Jim Hicks and direct examination of Phil P. O'Neal as an adverse witness, jury argument of appellees' counsel, and the hearing on motion for new trial.

Upon inquiry by counsel, Stovall promised to transcribe his notes taken of the above-mentioned parts of the trial. Consistent with his past conduct, Stovall has failed to perform his promise.

This Court, *sua sponte*, ordered the parties to appear on December 19, 1979, and show cause why the judgment should not be reversed and the cause remanded for trial based upon the fact that appellant has been unable to obtain a complete statement of facts.

▮ In general, an appellant who is unable to obtain a proper record of the evidence is entitled to a new trial where his right to have the cause reviewed on appeal cannot be preserved in any other way. The rule presupposes that appellant has exercised due diligence and is free from fault. *Robinson v. Robinson*, 487 S.W.2d 713 (Tex. 1972). If an appellant has observed the rules so as to be entitled to a statement of facts, he has the right to receive no less than a *complete* statement of facts. *Ramon v. Chavira*, 586 S.W.2d 594 (Tex.Civ.App. 1979, no writ).

▮ Appellee suggests that appellant has not pursued the opportunity afforded by Tex.R.Civ.P. 377(d) to have the trial court reconstruct in a narrative statement of facts the omitted portion of the record. Rule 377(d) provides in part:

"(d) . . . If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts shall be by him made to conform to the truth."

Rule 377(d) speaks to the problem of *accuracy* in the transcription of the proceedings by the court reporter. The problem, in the case at bar, is not one of accuracy of transcription, but instead an absence of transcription. Even if Rule 377(d) were applicable to the problem involved, in view of the lapse of time, more than twenty-seven months, it is doubtful that the memory of the court or counsel for the parties could serve to reconstruct the evidence accurately.

▮ Appellant has persisted in his efforts to obtain the complete statement of facts from the court reporter. Appellant's inability to file a complete statement of facts with the Clerk of this Court resulted from no fault of his own.

The judgment is reversed and the cause is remanded for new trial.