CAMERON & WILLACY COUNTIES COMMUNITY PROJECTS, INC., et al, Appellants,

v.

Lydia Medina GONZALEZ, Appellee.

No. 1675.

Court of Civil Appeals of Texas, Corpus Christi.

March 5, 1981.

Rehearing Denied April 9, 1981.

Nicholas V. Hile, Wiech, Fleming, Hamilton, Uribe & Hile, Brownsville, for appellants.

Richard C. Arroyo, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This is a suit to recover damages for an alleged wrongful termination of employment and for defamation of character, which was brought by Lydia Medina Gonzalez (plaintiff) against Cameron and Willacy Community Projects, (hereinafter "CWCCP"), a non-profit corporation, and its Board of Directors.

At the outset we deem it helpful to fully explain the relationships of the parties. CWCCP is a non-profit corporation organized to administer, in Cameron and Willacy Counties, social and economic programs aimed at the reduction of poverty and the amelioration of social conditions. Under the control of CWCCP is Headstart, a program for pre-school youths. Beginning in 1976, plaintiff was the director of Headstart. In August of 1977, her employment was terminated by defendant CWCCP. Out of this action the lawsuit arose.

Trial to a jury commenced on August 22, 1979 in the District Court of Cameron County, Texas. At the conclusion of the evidence, the defendants moved for an instructed verdict with respect to that portion of plaintiff's action wherein she claimed that the defendants had violated her right to due process and also from the portion of her defamation action wherein she sought a recovery of exemplary damages. The trial court granted the defendants' motions.

Also, at the conclusion of the evidence, the plaintiff moved for an instructed verdict on the ground that the "action purport-

edly taken by defendant CWCCP not recorded in the minutes of defendant CWCCP is null and void, since defendant CWCCP is required by the Texas Non-Profit Corporation Act to record minutes of its meetings." The trial court granted plaintiff's motion.

The remaining matter in controversy, that is, the defamation of character, was submitted to the jury. In response to the special issues submitted, the jury found all issues favorably to the plaintiff and awarded damages to her in the amount of $25,-000.00 for "mental anguish," and awarded a like sum to her for "injury to her reputation." These jury findings were set aside by the trial court, and a judgment non obstante veredicto was rendered in favor of the defendants with respect to the defamation action.

As a result of the granting of the aforesaid motions for instructed verdict and the granting of the motion for judgment non obstante veredicto, judgment was rendered against the defendant CWCCP that plaintiff be reinstated to her former employee status, that she recover all sums of money and benefits due her since the termination of employment, and that she recover attorney's fees and court costs. The defendant CWCCP has duly and timely appealed from the judgment which reinstated the plaintiff, awarded the plaintiff "back wages," attorney's fees and court costs.

The defendant CWCCP has limited the scope of its appeal pursuant to the provisions of Rule 353(c), as reflected by a motion duly and timely filed by it. Such motion reads:

"NOTICE IS HEREBY GIVEN that the Defendant, CAMERON AND WILLACY COUNTIES COMMUNITY PROJECTS, INC., hereby takes a limited appeal as to that portion of the Judgment of the Court entered September 18, 1979 involving the employment contract with the Plaintiff wherein the Court rules as a matter of law, that the Plaintiff, LYDIA MEDINA GONZALEZ, was never formally terminated including the award of back wages and attorney's fees therefore."

In a single point of error, the defendant CWCCP contends:

"The District Court erred in granting the plaintiff's Motion for Directed Verdict, that she had been illegally terminated for the reason that the minutes of the Defendant CWCCP did not reflect that the Plaintiff had been terminated by the Board of Directors of CWCCP and in failing to grant Defendant a new trial thereon."

In essence, the defendant CWCCP has limited its appeal to a determination of whether the trial court correctly held it liable to the plaintiff on the ground that the plaintiff was wrongfully discharged. The judgment recites that the termination of the plaintiff's employment by the CWCCP and its Board of Directors

"violated the By-Laws of the Corporation and the Texas Non-Profit Corporation Act, TEX.REV.CIV.STAT.ANN. art. 1396, for the reason that the minutes of the Board of Directors of Defendant Cameron and Willacy Counties Community Projects, Inc. at the time pertinent hereto do not reflect that Plaintiff had been terminated by an official act of Directors and that Plaintiff was ever formally terminated."

The plaintiff has attempted to appeal from that portion of the judgment which rendered judgment non obstante veredicto against her with respect to her action for damages for defamation of character. In her "points of error," she complains that the trial court erred in disregarding certain jury findings which would have entitled her to the money damages awarded had the findings been allowed to stand. She further complains of other acts of omission by the trial court.

The plaintiff filed a cost bond, but did not file a transcript, statement of facts, or anything which might be considered as a record which we could review. She contends that her "points of error" are, in effect, "cross-points," and should be considered by this Court since the defendant CWCCP has appealed from the judgment rendered by the trial court. As will be

seen, such contention cannot be sustained on the record before us in this appeal.

■ Where the judgment in its entirety is appealed, an appellee does not have to pursue a separate appeal to raise cross-points of error. *Jackson v. Ewton*, 411 S.W.2d 715 (Tex.Sup.1967). A separate appeal is necessary, however, for the presentation of points of error asserted by an appellee when the judgment is definitely severable and the appellant strictly limits the scope of his appeal to a severable portion thereof. *Dallas Electric Supply Co. v. Branum Co.*, 143 Tex. 366, 185 S.W.2d 427 (1945); *Edgar v. Barteck*, 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd); *Nat'l. Farmers Organization v. Smith*, 526 S.W.2d 759 (Tex.Civ.App.—Corpus Christi 1975, no writ).

In the case at bar, the defendant (appellant) strictly limited its appeal to the portion of the judgment which granted the plaintiff relief for a violation of the Texas Non-Profit Corporation Act. Excluded by the appeal was the portion of the judgment which granted a judgment non obstante veredicto in favor of defendant CWCCP on the defamation cause of action. The action for defamation was sufficiently distinct from the statutory cause of action to be severable. See *Archer v. Griffith*, 390 S.W.2d 735 (Tex.Sup.1965); *Morriss v. Pickett*, 503 S.W.2d 344 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

■ Since the appeal was properly limited and the wrongful termination cause of action was severable from the defamation cause of action, we find that the plaintiff (appellee), in order to properly appeal from that portion of the trial court's judgment which denied her any relief on her action for defamation of character, was required to timely perfect a separate appeal to raise her cross-points. She did not do so, and in light of the fact that the plaintiff did not file a record for review, we cannot consider her cross-points, denominated by her in her brief as "points of error," in disposing of her purported appeal.

The defendant CWCCP complains that the trial court erred in granting the plaintiff's motion for instructed verdict on the grounds that the attempted termination of the plaintiff's employment was null and void simply because the termination was not reflected in the Board of Directors' meeting minutes. The relevant facts show that on June 16, 1977, a Board of Directors meeting of CWCCP was held. The meeting adjourned into Executive Session at about 10:30 p. m. Later, at about 4:00 a. m. the next day, the meeting was reopened and the Board announced that the plaintiff and two other employees were to be given 30 days to submit their resignations.

The Parents Policy Council held an emergency meeting on June 17, 1977. This group was made up of the parents of the children involved in the Headstart program. The subject of the termination of plaintiff's employment was discussed, but no decision was reached. On July 29, 1977, the Parents Policy Council approved the action of the Board of Directors of CWCCP in terminating the plaintiff's employment.

On August 3, 1977, Rogelio Martinez, Chairman of the Board of Directors of CWCCP, sent a letter to Rogelio Contreras, the executive director of CWCCP, directing Mr. Contreras to notify the plaintiff that her employment was terminated, effective August 3. On August 9, 1977, Mr. Contreras drafted a letter to the plaintiff, advising her that her employment had been terminated because of: 1) her failure to abide by written agency Personnel Policies and Procedures; 2) her failure to consult with the Parent Policy Council on major budget changes and expenditures; 3) mismanagement by her of program funds; and 4) her past actions in opposition to the stated aims and goals of the agency.

The By-Laws of CWCCP, article VIII, provides in part:

"The Board of Directors shall employ an Executive Director. The Executive Director shall administer the policies and programs which are determined by the Board of Directors and shall supervise the entire staff of the corporation."

The Revised Personnel Policies of CWCCP set out the procedures to be followed in an involuntary termination. They, in pertinent part, read:

"1. All involuntary terminations are ordered by the Executive Director upon the recommendation of his staff.

2. All terminations are in writing with a copy for the employee. This letter must contain the specific reason(s) for the termination of the employee's right to appeal and the procedures to be followed for an appeal.

3. All involuntary terminations are for one (1) of three (3) causes:

(a) Failure to abide by written OEO and/or Board Policy or activity in opposition to the stated aims or goals of the agency.

(b) Inappropriate behavior including but not limited to:

\* \* \* \* \* \*

(c) Failure to meet the terms of probation (performance evaluation or disciplinary.)

4. All involuntary terminations are appealable to the Board of Directors within ten (10) working days of termination.

\* \* \* \* \* \*

The defendant CWCCP complied with both its By-Laws and Personnel Policies to the letter. The Executive Director, Contreras, sent a letter to the plaintiff which set out the specific grounds for termination. She was given an opportunity to appeal the decision.

Despite the compliance of CWCCP with its own internal Procedures and rules regarding involuntary termination of the plaintiff's employment, the controlling issue to be determined by this Court is whether the failure, if any, of CWCCP to record the termination decision in its corporate minutes would invalidate the action of the Executive Director, Contreras, in terminating such employment. As already noted, the trial court found that there was a failure to record the action in the corporate minutes,

and that such failure violated the Texas Non-Profit Corporation Act.

Tex.Rev.Civ.Stat.Ann. art. 1396–2.23 provides in part:

"Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its members, board of directors, and committees . . . ."

■ The defendant CWCCP contends that even if it did fail to record the act of termination in its corporate minutes, such omission would not affect the validity of its act. We agree. The minutes of a corporation are, in effect, merely written records of acts of its directors taken by them at official meetings. The failure to record such acts in the corporate minutes does not necessarily render unrecorded acts invalid. *Canadian Long Distance Telephone Co. v. Seiber*, 159 S.W. 897 (Tex.Civ.App.—Amarillo 1913, writ ref'd). See also, *Handley v. Stutz*, 139 U.S. 417, 35 L.Ed. 227, 11 S.Ct. 530 (1891). CWCCP had complied with its own internal procedures to terminate plaintiff's employment, and the failure to record such act in the corporate minutes is inconsequential and does not, of itself, furnish a ground which will support that portion of the trial court's judgment which has been challenged by the defendant CWCCP.

■ Further, the actions of the Board of Directors complied with the statutory requirements of article 1396–2.23 in its recordation of its actions. The record shows the meeting of the Board recessed into Executive Committee to discuss the termination of plaintiff's employment. It reopened its meeting to announce a decision to give appellee 30 days to resign. The failure of CWCCP to record the minutes of the Executive Committee meeting when allegations were made against appellee is not a violation of the statutory requirements. The decision of the Board of Directors was sufficiently recorded in the corporate minutes of CWCCP. The record in this case shows that the contract of employment between the plaintiff and the defendants was terminated by an official act of the Board of Directors of the defendant CWCCP.

Since this is an appeal from an instructed verdict in favor of the plaintiff on the issue of wrongful discharge, we are required to review the evidence most favorable to the defendant CWCCP, the losing party in the trial court, to indulge against the judgment every inference that may be properly drawn from the evidence, and to disregard all conflicting evidence. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752 (Tex. Sup.1970); *State Highway Department v. Hinson,* 517 S.W.2d 308 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd, n. r. e.).

Plaintiff pled as an alternative ground of recovery that she was wrongfully discharged by CWCCP. At the trial of the case, plaintiff presented her evidence and after she had rested, the statement of facts closes with the following notation made by the court reporter:

"(the rest of this trial was not ordered transcribed.)"

Therefore, defendant's evidence, if any, was not transcribed and is not before us in this appeal. However, an examination of the evidence adduced by the plaintiff at the trial shows that there are disputed fact issues relating to the contentions of the defendant CWCCP that she had been discharged because of: 1) her failure to abide by written agency Personnel Policies and Procedures; 2) her failure to consult with the Parent Policy Council on major budget changes and expenditures; and 3) her mismanagement of program funds. Accordingly, we have no choice but to reverse the judgment of the trial court and to remand the cause to the trial court for a new trial insofar as it pertains to the action for wrongful termination of employment.

The judgment of the trial court with respect to the plaintiff's action for wrongful termination of employment is REVERSED, and the sole issue relating to wrongful termination of employment is REMANDED to the trial court for a new trial.