**Raul and Olivia FLORES, Appellants,**

v.

**MILITARY HIGHWAY WATER SUP-
PLY CORPORATION, Appellee.**

Nos. 13–86–228–CV, 13–86–270–CV.

Court of Appeals of Texas,
Corpus Christi.

June 26, 1986.

Evonne Charboneau, Weslaco, for appellants.

Aida S. Flores, Mission, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a judgment of the district court denying appellants' petition for temporary injunction. On May 13,

---

**2.** Note that we denied appellee's motion to dismiss alleging the same error.

1986, we enjoined respondent from taking any action that would destroy the residential use of appellants' property and from continuing condemnation proceedings in the County Court at Law. We now reverse the judgment of the trial court and order appellants' injunction granted.

Military Highway Water Supply Corporation (hereinafter called MHWS) filed a petition in County Court to condemn property belonging to the appellants, Raul and Olivia Flores, for the purposes of constructing, maintaining and operating a sewage treatment plant. At oral argument, it was stated they needed the Flores' property as a buffer zone from the sewage disposal plant. A special commission was appointed by the County Court in the condemnation proceeding which awarded appellants $28,-000.00 for their home and land. Appellants filed a Petition for Temporary Restraining Order, Temporary Injunction and Permanent Injunction. A temporary restraining order was granted by the district court but later dissolved. The Floreses filed a Petition for Writ of Injunction with this Court on May 12, 1986, which was granted pending a determination of their appeal on the merits.

The primary issue to be determined in this appeal is whether MHWS has the statutory authority to condemn the Flores' property. MHWS argues that it has authority to condemn under either TEX.REV. CIV.STAT.ANN. art. 1434a (Vernon 1980) or art. 1439 (Vernon 1980). The Floreses argue, and we agree, that neither statute gives the corporation the actual authority to condemn their property.

MHWS is a non-profit corporation, originally organized in 1971 under TEX.REV. CIV.STAT.ANN. art. 1434a "for the purpose of furnishing a water supply for general farm use and domestic purposes to individuals residing in the rural communities of southern Cameron and Hidalgo Counties, Texas, and the surrounding rural areas." The Articles of Incorporation were amended in 1979 and 1982. The 1982 amendment changed the purpose clause to read, "The purposes for which the corpora-

tion is organized are to furnish water supply and sewer service for individuals, towns and corporations and to provide other community services which are of benefit to the corporations [sic] general membership."

TEX.REV.CIV.STAT.ANN. art. 1434a allows a corporation organized under it the following specific eminent domain powers:

## ACQUISITION OF WATER SUPPLY: OPERATION OF PLANTS AND EQUIPMENT; EMINENT DOMAIN

Sec. 4. Such Water Supply Corporations shall have the right to purchase, own, hold and lease and otherwise acquire water wells, springs and other sources of water supply, to build, operate and maintain pipe lines for the transportation of water, to build and operate plants and equipment necessary for the distribution of water and to sell water to towns, cities and other political subdivisions of the State of Texas, to private corporations and to individuals. *Such corporations shall have the right of eminent domain to acquire rights-of-way and shall have the right to use the rights-of-way of the public highways of the State for the laying of pipelines under supervision of the State Highway Commission.* (Emphasis ours.)

MHWS argues that the eminent domain power under art. 1434a allows them to condemn the Flores' property. We disagree.

■ When construing such a statute, we must read the granting words according to their ordinary meaning unless a contrary intention is obvious from the text of the statute. *Taylor v. Firemen's and Policemen's Civil Service Commission*, 616 S.W.2d 187 (Tex.1981). We construe statutes involving eminent domain strictly in favor of the landowner and against the corporation or the condemning authority. *Burch v. City of San Antonio*, 518 S.W.2d 540 (Tex.1975); *Tenngasco Gas Gathering Co. v. Fischer*, 653 S.W.2d 469 (Tex.App.— Corpus Christi 1983, writ ref'd n.r.e.).

██ MHWS proposed to take the Flores' land "for a purpose which Plaintiff possesses power of eminent domain, namely, the construction, maintenance and operation of a sewer treatment plant." We hold that the term "right of way," as used in this statute, clearly refers to the right of the corporation to acquire easements and land to create pipeline routes for water supply. This does not directly, or even by implication, extend the grant of power to include condemning land for the purpose of constructing, maintaining and operating a sewage disposal plant.

MHWS also argues that it has the power to condemn under TEX.REV.CIV.STAT. ANN. art. 1439 (Vernon 1980). The 1982 amendment to its articles of incorporation attempts to place it within the parameters of the article.

Art. 1439, passed by the legislature in 1899, grants condemning authority for sewage in any city or town in this state. It states:

## 5. SEWERAGE

Every company or corporation incorporated under the laws of this State for the purpose of owning, constructing or maintaining a system of sewerage *in any city or town in this State*, shall be empowered by the exercise of the right of eminent domain, to condemn private property through which to lay, construct and maintain sewer pipes, mains and laterals, and connections, and also private property upon which to maintain vats, filtration pipes and other pipes, such property to be used and occupied as a place for ultimate disposition of sewerage, in or out of the town or city limits, whenever it be made to appear that the use of any such private property is necessary for the successful operation of such sewer system, and when it also be made to appear that such sewer system is beneficial to the public use, health or convenience. *The right of condemnation herein permitted shall not be invoked nor exercised within the corporate limits of the city or town, except as permitted or re- quired by the city or town granting franchise to the company or corporation seeking the right of condemnation.* (Emphasis ours.)

██ Art. 1439 gives a corporation the power of eminent domain when constructing or maintaining a system of sewerage *in* a city or town *with* permission of the governmental body granting the corporation a franchise. Arturo Ramirez, general manager of MHWS, testified that, in its first phase, the plant would serve only unincorporated areas. The statute relied on by MHWS gives eminent domain authority to a corporation operating within cities and towns only, with their consent, not unincorporated areas outside cities and towns. Ramirez also admitted that MHWS has no contract with any city, incorporated city or town, to operate, construct or maintain a sewer system.

We hold that MHWS does not have authority to condemn under either art. 1439 or art. 1434a.

The order of the trial court is reversed, and the Flores' injunction is granted against MHWS, enjoining the corporation from taking the Flores' land by eminent domain.