**Abel LOPEZ, Jr., Appellant,**

v.

**A. Y. ALLEE, Appellee.**

**No. 15158.**

Court of Civil Appeals of Texas, San Antonio.

March 7, 1973.

Rehearing Denied April 11, 1973.

Mario Obledo, Ed Idar, Jr., Guadalupe Salinas, Sharon Guild Province, San Antonio, Rufino Cabello, Carrizo Springs, for appellant.

Fred Semaan, Goodstein, Semaan & Bashara, San Antonio, for appellee.

BARROW, Chief Justice.

Apellant brought this suit to recover actual and exemplary damages allegedly sustained as the result of an assault upon him by appellee. The jury found that appellee struck appellant and threatened to shoot him. Actual damages were assessed in the amount of $500, but the jury denied any punitive damages. A take-nothing judgment was entered on the jury's finding that appellee acted in self-defense, and appellant has duly perfected this appeal.

Appellant asserts thirteen assignments of error which are briefed under four general propositions. He first complains that the jury panel was constituted illegally. Under his second proposition, it is urged that there is no evidence or insufficient evidence to raise the issue of self-defense; and therefore, the trial court erred in submitting this issue or in not disregarding the jury finding on same. The third proposition seeks a new trial because of the prejudicial and inflammatory references to La Raza Unida by appellee's counsel during the voir dire examination. The final proposition seeks a reversal for prejudicial and inflammatory remarks by appellee's counsel during the course of the trial relating to individuals and organizations allegedly behind the suit.

The cause went to trial on the afternoon of May 8, 1972. Causes No. 4476 and No. 4531, which were apparently consolidated for trial, were set ahead of this case. Although the record does not show exactly what transpired, it is apparent that the voir dire examination of the jury panel was had in the consolidated case; and thereafter, counsel marked their respective jury lists to indicate their peremptory challenges. However, prior to the actual selection of the jury for this consolidated action, the suits were settled. The court then returned the prospective jurors from the first jury list to the panel for the second case. All names on such second panel were then shuffled and redrawn to constitute the jury list for the second case. As a result of such action, eight jurors whose names had been marked through on the jury lists in the first case were placed on the jury panel for this case, as well as several jurors whose names were not marked through on the prior jury lists.

Appellant complains on this appeal of the eight persons [1] and states that the same were placed on the jury panel in this case in violation of Acts 1971, 62nd Leg., Chap. 905, Section 14, pp. 2797, 2801, [Vernon's Ann.Civ.St. art. 2094a] which provides: "Once a prospective juror has been removed from a jury panel for cause, by peremptory challenge, or for any reason, he shall be immediately dismissed from jury service and shall not be placed on another jury panel until his name is returned

---

1. Of these eight jurors, three were selected to sit as jurors in this case, two were challenged peremptorily by appellant, two were challenged by appellee, and the eighth was not reached on voir dire examination.

to the jury wheel and drawn again as a prospective juror."

■ The trial judge stated for the record at the outset of this trial that none of the jurors in this case had been selected to serve on any other case during such term, in that the first case was settled before it was called for trial. Since no jury had been selected in the first case, it would necessarily follow that no jurors had been peremptorily challenged on such panel. Therefore, the trial court did not violate Section 14, Chap. 905, of the 62nd Legislature. In any event, since there was substantial compliance with the jury wheel law, it cannot be said that appellant's fundamental right of trial by jury was violated so as to constitute reversible error. See Rivas v. Liberty Mutual Insurance Co., 480 S.W.2d 610 (Tex.1972). Appellant's points Nos. 1–3, which are briefed under this first proposition, are overruled.

■ Appellant's second group of four points complains of the giving of the issue on self-defense and the court's failure to disregard the jury's finding in response thereto to the effect that appellee acted in self-defense. Three of these points assert error of the trial court in failing to disregard the jury's answer to the issue on self-defense, because there was no evidence of probative force to support such finding. The fourth point urges that the trial court erred in overruling appellant's motion to set aside the verdict of the jury because the finding of self-defense was against the great and overwhelming preponderance of the evidence. The first three points are clearly "no-evidence" points and are properly preserved by appellant's motions to disregard such issue and for judgment non obstante veredicto. The fourth point raises a question of factual insufficiency; however, this point is waived since it is not raised in appellant's motion for new trial. Rules 324, 374, Texas Rules of Civil Procedure; Smith v. Texas Pipeline Company, 455 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); Calvert,

"No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361, 365 (1960).

The incident sued on herein occurred about 9:30 a. m. on June 8, 1971. Appellant, a young man about 27 years of age, had been employed at Gibson's Grocery Store in Carrizo Springs for about six years. Appellee was a retired Texas Ranger, who lived nearly all his life in the Carrizo Springs area. He and his wife were customers of Gibson's store, although appellant usually just left a grocery list with the store and the employees filled the items. Appellant and appellee had not had any prior difficulty, in fact, had not had any prior relationship whatsoever.

On the morning in question, appellee went to the store to purchase a five-gallon bottle of Ozarka water. He approached appellant, who was at the front check-out stand, and requested the water. The subsequent events are highly controverted, although it is obvious that appellee's impaired hearing contributed to the misunderstanding and subsequent difficulty between the two parties over the price of the water. The testimony of appellant, which was corroborated substantially by a co-worker, Charles Esquivel, was that appellee struck him without any warning when appellant told appellee that the bottle cost $1.75, and not $1.35 as had been put on the counter by appellee. On the other hand, the appellee testified that although he promptly put down the remaining 40 cents as soon as he heard the correct price, appellant tore off the receipt from the cash register and came around the corner of the check-out stand toward the appellee in an angry manner. Appellee testified that he believed appellant was going to strike him, so appellee slapped appellant first. On cross-examination, he testified unequivocally that he acted in self-defense, and that he thought appellant was going to hit him.

The trial court defined "self-defense" as including a situation where a person is threatened with an attack by another, and

there is created in the mind of the person so attacked a reasonable expectation or fear of injury; then the law excuses or justifies such person so attacked in resorting to any means at his command to prevent his assailant from inflicting any injury. The jury was further instructed that ". . . it is not necessary that there should be actual danger, as a person has a right to defend his life and person from apparent danger as fully and to the same extent as he would have, had the danger been real, provided he acted upon a reasonable apprenhension of danger as it appeared to him from his standpoint at the time . . . ."

■ Appellant did not object to the form of this instruction, although he did object to the submission of the self-defense issue for lack of pleadings and because there was no evidence to justify the submission of such an issue. It is basic to the right of self-defense that the attack be viewed from the standpoint of the defendant. Bradford v. Fort Worth Transit Company, 450 S.W.2d 919 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). Furthermore, it is not necessary that one be put in danger, in that the danger may be apparent only, and not real. See 6 Tex.Jur.2d, Assault and Battery, Section 130.

■ The testimony of appellee, when viewed under the "no-evidence" test,[2] is clearly evidence more than a scintilla that at the time he struck appellant, the facts and circumstances, when viewed from appellee's standpoint, reasonably placed him in apprehension that appellant might strike him. The trial court did not err in overruling appellant's motion to disregard the jury finding that appellee was acting in self-defense.

■ Appellant urges by three points that the trial court erred in allowing appel-

lee's counsel to inject prejudicial and inflammatory matter relating to La Raza Unida during the voir dire and other stages of the trial, and in failing to grant appellant's motions for mistrial grounded on such actions. These points are germane to only three assignments of error in appellant's motion for new trial: one assignment complains of the court's error in overruling appellant's motion in limine, and the other two assignments complain that appellee's counsel made improper references to La Raza Unida and other prejudicial and inflammatory matters during the voir dire examination. There is no assignment of error complaining of improper jury argument; and therefore, appellant cannot now complain of same. Rule 374, supra. Although there is no reference to any specific question or remark by appellee's counsel,[3] we have read the entire voir dire examination.

■ It is seen that during the examination of Mrs. Maria Elva Navarro, she was asked by appellee's counsel if she belonged to or sympathized with La Raza Unida. Although she answered in the negative, appellant's counsel objected to such interrogation because there was nothing in the pleadings regarding such political party. The trial court ruled that it would permit the juror to be asked two questions: whether or not she belonged to La Raza Unida, and whether or not she sympathized with their cause, if she knew their cause. Appellant's counsel then excepted and moved for a mistrial. Thereafter, a number of the jurors were asked these two questions by both counsel—some jurors with Anglo names were questioned on this point by appellant's counsel, and some with Mexican-American names were questioned by appellee's counsel.

La Raza Unida, which is a recognized political party, was not named in the suit,

---

2. We must consider only the evidence which supports the jury verdict, and consider only the facts and circumstances which tend to sustain the verdict, while rejecting all evidence and inferences which are contrary to such finding. We would, therefore, have to reject the testimony of appellant and Charles Esquivel.

3. See Rule 320, T.R.C.P.; Tindall v. Tacconelly, 328 S.W.2d 909 (Tex.Civ.App.—San Antonio 1959, writ ref'd n. r. e.).

and there was no showing that it had any connection whatsoever with the suit. Nevertheless, both parties apparently assumed that members of such party or those in sympathy with its cause would be prejudiced towards appellant, and that those not in sympathy with La Raza Unida, or its cause, would be prejudiced in favor of appellee. The basis or correctness of such assumption was not established; however, one juror stated that although a member of La Raza Unida, he personally had no prejudice against appellee, but that most members of La Raza Unida did have such prejudice. Nevertheless, appellee's reputation and relationship with Mexican-Americans was an issue from the outset. Appellant alleged as much in his original petition: "Defendant further has a notorious, well-known reputation and is known to have been frequently involved in allegations of mistreatment and brutality directed by him against persons of all ethnic backgrounds and races but particularly towards persons of Mexican descent." The jurors were properly questioned by both parties to determine if they would decide the case based on the evidence and not on a preconceived prejudice. Thus, appellant's counsel asked the first juror, a lady with an Anglo name, if she could be fair in a case where a Mexican-American was suing. In this state of the record, the trial court did not err in permitting the limited inquiry regarding a juror's relationship, if any, with La Raza Unida.

Appellant's final proposition complains of the trial court's action in overruling his motion in limine to preclude appellee's counsel from mentioning the Mexican-American Legal Defense and Education Fund (MALDEF), or other prejudicial and inflammatory matters during the voir dire or other stages of the trial. It is seen from the statement under the proposition that the latter matters largely have reference to various references by appellee's counsel to the number of attorneys representing appellant, and the fact that appellant was not acquainted with them. The record shows that MALDEF was referred to three times during the proceedings. One of the jurors was asked on voir dire by appellee's counsel if he had heard of MALDEF or had any dealings with it. There was no objection to this question, and the juror answered in the negative. Another juror was asked by appellant's counsel if she had seen appellee's counsel speaking on television about MALDEF. During the cross-examination of appellant, he was asked if he knew of MALDEF or its attorneys before the suit was filed. On objection and after being shown that MALDEF was not given as the address of appellant's counsel, the attorney for appellee apologized and the jury was instructed not to consider the question.

■ It is settled law that a judgment will not be reversed for overruling a motion in limine unless the questions were, in fact, subsequently asked or offered. If they were, in fact, asked or offered, an objection made at the time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.1963); Collins v. Collins, 464 S.W.2d 910 (Tex. Civ.App.—San Antonio 1971, writ ref'd n. r. e.); St. Paul Fire & Marine Insurance Co. v. Escalera, 385 S.W.2d 477 (Tex.Civ. App.—San Antonio 1964, writ ref'd n. r. e.).

■ Appellee's counsel stated, without objection or contradiction, that two of appellant's four attorneys were associated with MALDEF. In such situation, appellee would have a right to inquire of the jurors regarding their acquaintance, if any, with such organization. Certainly reversible error is not shown by the question which was promptly stricken from consideration.

■ Appellant also makes a general complaint regarding side-bar remarks of appellee's counsel during the trial. Side-bar remarks have no place in a lawsuit and

should be rigidly repressed by the trial court. Rule 269(f), T.R.C.P. Although the trial court recognized the strong feelings in this case and kept a tight rein on counsel for both parties, there are side-bar remarks in this record. Appellant does not set forth in his motion for new trial the specific statements in question, but it is seen from his statement under this proposition that most of the complaints relate to the testimony solicited by appellee's counsel to show that appellant was represented by four attorneys, three of whom were unknown to appellant prior to filing of the suit. While such evidence had little materiality other than perhaps some slight support of appellee's contention that appellant's prayer for damages was grossly exaggerated, we cannot say that the admission of such testimony was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Particularly is this so where most of the matters complained of were admitted without objection by appellant. Accordingly, appellant's fourth proposition is overruled.

The judgment is affirmed.