497 S.W.2d 455 (1973)
TOYAH INDEPENDENT SCHOOL DISTRICT et al., Appellants,
v.
PECOS-BARSTOW CONSOLIDATED INDEPENDENT SCHOOL DISTRICT et al., Appellees.
No. 6294.
Court of Civil Appeals of Texas, El Paso.
June 6, 1973.
Rehearing Denied July 3, 1973.
Opinion on Motion for Rehearing July 3, 1973.
*456 A. R. Archer, Jr., Monahans, for appellants.
John F. Tomlin, Pecos, for appellees.

OPINION
PRESLAR, Justice.
This was a suit brought by Appellants seeking to set aside an order whereby Appellee, Reeves County Board of School Trustees, on August 13, 1971, annexed Appellant, Toyah Independent School District, to Appellee, Pecos-Barstow Consolidated Independent School District. Following trial to a jury, the District Court of Reeves County rendered judgment sustaining the order of annexation. We affirm.
Appellants contended that Don Weinacht, a member of the Reeves County Board of School Trustees, had vacated his office on such Board by moving from the precinct from which he was elected. They cite Section 17.02, Texas Education Code, V.T.C.A., which provides that the county board shall be made up of five members, one of whom shall be elected from each of four commissioners precincts and one from the county at large; Section 17.05(2) of the Code then provides that "The four persons representing commissioners precincts must each reside in the precinct from which he is elected." The annexation action of the County Board was taken on August 13, 1971, and the Court submitted an issue to the jury as to whether Weinacht resided on that date in the precinct from which he was elected. The jury found that he did so reside.
Appellants' points of error seventeen through twenty-one, inclusive, all relate to the actions of the Court and the finding of the jury in regard to this issue. We are of the opinion that any error in connection with the issue is immaterial for the reason that the issue was improper in the first instance. Weinacht was a duly elected and qualified member of the County Board, having been first appointed and then elected some three years prior to trial. His qualification to hold office could not be determined in this collateral proceeding. Article 6253, Vernon's Ann.Tex.Civ.St., provides for the filing in the name of the State an information in the nature of a quo warranto, when:
"... any person shall usurp, intrude into or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or executes, any office or franchise, or any office in any corporation created by the authority of this State, or any public officer shall have done or suffered any act which by law works a forfeiture of his office,..."
Quo warranto is held to be the exclusive remedy afforded to the public by which it *457 may protect itself against usurpation or unlawful occupancy of a public office by an illegal occupant. McFarlin v. State ex rel. Barnard, 272 S.W.2d 630 (Tex.Civ. App.Waco 1954, ref'd n. r. e.); Hamman v. Hayes, 391 S.W.2d 73 (Tex.Civ.App. Beaumont 1965, writ ref'd). In a school district enlargement case not unlike the one before us, this Court held that the authority of a de facto public official and his right to hold office may not be questioned in a collateral proceeding, but should properly be tested in quo warranto proceedings. Pyote Independent School District v. Estes, 390 S.W.2d 3 (Tex.Civ.App.1965, ref'd n. r. e.). In that case, as in the one before us, the plaintiffs sought to contest the combining of two school districts by the County Board of School Trustees on the grounds that the Board was illegally constituted because one of its members was not legally in office. The basis for the member's disqualification was that he had not been properly elected. This Court said:
"An attack on the election of a public officer by one not asserting an adverse claim must be made either by a statutory election contest brought within the time provided, or by quo warranto proceedings. To hold otherwise would be to say that a member of some school board, or other corporate body, might be elected and serve for months, or even a year or more, and then his election be contested because of the way he voted or behaved on such board. This is not and never has been the intent of the law."
We also said:
"Further, it has been held that in order to protect the public and individuals, an officer whose election or appointment might be illegal and invalid is still a de facto official, and such is particularly true where there is an office to fill and an election had at the time and place authorized by statute. Boesch v. Byrom, 37 Tex.Civ.App. 35, 83 S.W. 18 (er. ref.). It is also held that the authority of a de facto official and his right to hold office may not be questioned in a collateral proceeding, but should properly be tested in a quo warranto proceeding. Bowen v. Board of School Trustees, Tex.Civ.App., 16 S.W.2d 424."
And see Crain v. Adams, 120 S.W.2d 290 (Tex.Civ.App.Amarillo 1938, n. w. h.), for other authorities and the statement that the rule announced in the Bowen case is so well established that further discussion of it is unnecessary. The points of error relating to this issue are also immaterial for the reason that the record reflects that the order of the County Board had sufficient affirmative votes to pass without the vote of Weinacht. Appellants' points seventeen through twenty-one are overruled.
Appellants' twenty-third point of error is that the Court erred in upholding the annexation order of August 13, 1971, because the act of the County Board was arbitrary and capricious. Point twenty-four is that such order is not based on substantial evidence.
While it is doubtful that point twenty-four is germane to any assignment of error in Appellants' amended motion for new trial, it will be considered in connection with their point number twenty-three. We have reviewed all of the evidence in this regard and find the facts to be such that reasonable men in the honest exercise of their duty could have taken the action here questioned. The contention that they acted arbitrarily and capriciously is without support in the evidence. On the contrary, the action of the County Board is supported by substantial evidence. Pyote Independent School District v. Estes (supra); Rock Island Independent School District No. 907 v. County Board of School Trustees of Colorado County, Texas, 423 S.W.2d 665 (Tex.Civ.App.Houston (14th Dist.) 1968, ref'd n. r. e.); Barnhart Independent School District v. Mertzon Independent School District, 464 S.W.2d 197 (Tex.Civ.App.Austin 1971, ref'd n. r. e.); Neill v. Cook, 365 S.W.2d *458 824 (Tex.Civ.App.Eastland 1963, ref'd n. r. e., 376 U.S. 202, 84 S.Ct. 698, 11 L.Ed.2d 650). In the last cited case and in the Pyote case, the facts closely parallel those of the case before us as to disparity between the schools in per student cost, subjects offered, number of students in daily attendance, and related factors. Such factors were held to constitute evidence, under the substantial evidence rule, to justify the annexation order of the County Boards, and we think the same is true here. The Toyah students had a choice of 19 subjects which were actually being taught during the 1971-72 school year, while the Pecos-Barstow District offered a choice of over 50 subjects, including band, vocational agriculture, two foreign languages, and other subjects not offered by Toyah; and costs per student were near $1,500.00 for Toyah and $629.00 for Pecos-Barstow. In ordering the annexation, the Trustees of the County Board were doing what they were authorized to do under Section 19.001, Texas Education Code, and their determination of what is needed and proper under the facts and circumstances being supported by substantial evidence, it should not be disturbed by the Courts. Appellants' points of error numbered twenty-three and twenty-four are overruled.
Appellants' other points of error, other than those enumerated, must be held to be waived as they were not raised in their Amended Motion for New Trial. Under the provisions of Rule 324, Texas Rules of Civil Procedure, the filing of a motion for new trial was a prerequisite for appeal in this case, and Rule 374, Texas Rules of Civil Procedure, provides:
"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived. * * *"
Appellants filed a motion for new trial and followed it by an amended motion for new trial, but the points of error set forth in the amended motion relate only to the assignments of error which we have discussed above. Those assignments of error in this Court which were not brought to the attention of the trial Court in the amended motion for new trial must be considered as waived and not preserved for appellate review. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Cain v. Zurich Insurance Company, 426 S.W.2d 575 (Tex.Civ.App.Dallas 1968, n. w. h.); Cox v. National Life and Accident Insurance Company, 420 S.W.2d 213 (Tex.Civ. App.El Paso 1967, ref'd n. r. e.); Swafford v. Boyles, 437 S.W.2d 306 (Tex.Civ. App.El Paso 1969, n. w. h.); Lopez v. Allee, 493 S.W.2d 330 (Tex.Civ.App.San Antonio 1973, n. w. h.).
The judgment of the trial Court is affirmed.
RAMSEY, C. J., not sitting.

ON MOTION FOR REHEARING
Appellants urge error in our failure to consider their points of error one through sixteen as not being preserved for review because they were not based on assignments of error in their Amended Motion for New Trial. The argument is made that the Court withdrew from jury consideration all issues raised by points one through sixteen, so there was no necessity for a motion for new trial as to them. This contention is made for the first time on Motion for Rehearing, but we will consider it, even though there has prior hereto been no mention of anything being withdrawn from the jury, there is no ruling or order to that effect, and such action is not reflected in the judgment.
As appears in St. Louis Southwestern Railway Company v. Duke, 424 S.W.2d 896 (Tex.Sup.1967):
"A motion for new trial is a jurisdictional prerequisite to appeal from a case *459 tried to a jury, with certain specific exceptions. Rule 324 provides that:
`In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment,...'"
Appellants rely on this last quoted exception, that no new trial motion is required to complain of the Court withdrawing the case from the jury. But that is not Appellants' assignment of error in this case they do not complain of the withdrawing of the case from the jury, so that exception has no application here. The Court had before it the question of whether the order of the County Board was supported by substantial evidence, but Appellants pled and now assign as error in points one through sixteen numerous things which they contend caused the Board to be illegally constituted. The errors which they urge are that certain members of the Board had a personal pecuniary interest in their official act of annexation, that certain members of the Board had a bias and prejudice and conflicts of interest, that these matters made the members disqualified and caused the acts of the Board to be void and done in the absence of a quorum, and that a member of the County Board was related to a member of the Pecos School Board. All asserted errors have not been detailed, but it is readily apparent that none of the asserted errors fall within any exception provided by Rule 324, hence it was necessary that they be preserved by motion for new trial.
The trial procedure was unique, for it appears from the court reporter's notes in the statement of facts that at a point in the presentation of evidence the jury was retired to deliberate and thereafter the presentation of evidence continued. This is what Appellants say is a withdrawing of the case from the jury. There was no ruling or order, so no objections, and, as indicated, what transpired is found only in the statement of facts. The judgment is one which can only be described as the usual form for a judgment following jury trial. And, as indicated, Appellants filed a motion for new trial and supplanted it by an amended motion for new trial, and the Court entered its order overruling the amended motion. Appellants perfected their appeal based on the date of the order overruling the amended motion for new trial as distinguished from the date of judgment. In that amended motion they asserted errors which were brought forward as points of error on appeal and were considered per our opinion. In addition to those asserted errors, Appellants urged their points one through sixteen which were not in their amended motion for new trial. We adhere to our original ruling that such points were not preserved for appellate review. In construing Rule 324, and its predecessor Rule 71a, the Supreme Court has repeatedly held that any errors complained of during trial (other than the exceptions in the Rule), must be repeated in a motion for new trial. As Justice Greenhill stated the Rule in St. Louis Southwestern Railway Company v. Duke (supra):
"This Court deliberately chose the interpretation that with exceptions set out in the rule, the errors complained of must be repeated in a motion for new trial.",
Justice Greenhill was referring to the case of Stillman v. Hirsch, 128 Tex. 359, 99 S. W.2d 270 (1936), and he noted that the Rule was reaffirmed by the Supreme Court in Wagner v. Foster, 161 Tex. 333, 341 S. W.2d 887 (1960).
The motion for rehearing is overruled.
RAMSEY, C. J., not sitting.