**ORIX CAPITAL MARKETS, LLC, Appellant,**

v.

**AMERICAN REALTY TRUST, INC., Appellee.**

No. 05–10–01005–CV.

Court of Appeals of Texas, Dallas.

Dec. 14, 2011.

LLP, William G. Arnot, III, Houston, TX, Gregory D. May, Dallas, TX, for Appellant.

Lawrence J. Friedman, Ryan Lurich, Friedman & Feiger, L.L.P., Dallas, TX, for Appellee.

Before Justices FITZGERALD, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellant Orix Capital Markets, LLC filed this action seeking to vacate the amended judgment in a prior lawsuit between it and appellee American Realty Trust, Inc. The core issue is whether the amended judgment is void because the trial judge allegedly did not meet the constitutional requirements to hold the office of district court judge when he was elected. The parties filed cross-motions for summary judgment, and the trial court granted American Realty's motion and denied Orix's motion. Orix appeals. We affirm the trial court's judgment.

### BACKGROUND

In 2004, Orix sued American Realty over a commercial loan indemnity agreement. After a bench trial, the district judge awarded Orix over $6 million in damages. *U.S. Bank v. Am. Realty Trust, Inc.*, 275 S.W.3d 647, 648–50 (Tex.App.-Dallas 2009, pet. denied). Subsequently, the district judge lost his re-election bid, and American Realty's post-judgment motions were heard by the new district judge. *See id.* The new judge concluded that Orix had not established causation on its fraud claim, amended the original judge's findings of fact and conclusions of law, and amended the judgment to award Orix only nominal damages. *Id.* Orix appealed. We reversed the amended judgment on the

Lindsey Eubank Simmons, Jeffrey Joyce, Joyce, McFarland & McFarland

fraud claim and rendered judgment in favor of Orix in the amount of approximately $370,000 plus attorney's fees. *Id.* at 655. Both parties filed motions for rehearing.

While the motions for rehearing in the earlier appeal were pending, Orix moved for leave to supplement its motion to raise a new issue. Orix contended for the first time that the amended judgment was void because the new judge was not constitutionally qualified to hold the office of district judge. Orix argued that the new judge did not meet the constitutional requirements of being licensed to practice law and a practicing lawyer in Texas for the four years preceding his election because his license had been suspended for about fourteen days during those four years for failure to pay bar dues and attorney occupation taxes and failure to comply with continuing legal education requirements. Orix argued that the amended judgment should be vacated and the original judgment should be reinstated. We denied leave to supplement the motion for rehearing and overruled the motion. Orix appealed to the Texas Supreme Court and raised the issue concerning the judge's qualifications in its petition for review. The supreme court denied review.

Orix then filed this lawsuit. In its original petition, Orix sought a declaration that the amended judgment in the earlier lawsuit is void. Alternatively, Orix sought a bill of review asking the court to set aside the amended judgment as void. The parties filed cross-motions for summary judgment. The district court[1] denied Orix's motion and granted American Realty's motion without stating a basis for its rulings. Orix appeals both the grant of American Realty's motion and the denial of its own motion.

## STANDARD OF REVIEW

We review a traditional summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dallas Cnty. Tax Collector v. Andolina,* 303 S.W.3d 926, 929 (Tex. App.-Dallas 2010, no pet.). A party moving for traditional summary judgment under rule of civil procedure 166a(c) must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Ysasaga v. Nationwide Mut. Ins. Co.,* 279 S.W.3d 858, 864–65 (Tex.App.-Dallas 2009, pet. denied). When both parties move for traditional summary judgment and the trial court grants one motion and denies the other, the non-prevailing party may appeal both of those rulings. *See Certain Underwriters at Lloyd's v. LM Ericsson Telefon, AB,* 272 S.W.3d 691, 694 (Tex.App.-Dallas 2008, pet. denied). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 567 (Tex.1989).

## DISCUSSION

In this lawsuit, Orix seeks to avoid the effects of the amended judgment in the prior lawsuit by challenging the qualifications of the district judge who rendered the amended judgment in that earlier lawsuit. Orix sought a declaration that the amended judgment in the earlier case is void and that the final judgment rendered by the original judge is the controlling judgment.

---

1. The new judge recused himself from the proceedings below and the cause was transferred to the district court from which this appeal is taken.

*The Parties' Arguments*

Orix argued in its motion for summary judgment that the new judge was not qualified to hold the office of district judge under the state constitution, which states that a district judge must be "licensed to practice law in this State" and must have "been a practicing lawyer or a Judge of a Court in this State, or both combined, for four (4) years next preceding his election. . . ." TEX. CONST. art. V, § 7. Orix offered evidence that the new judge's license to practice law was suspended for fourteen days in the four years before he took office. It argued that the judge did not satisfy these constitutionally mandated requirements and that, as a result, the amended judgment in the earlier case is void because the judge did not have jurisdiction to render the amended judgment.

American Realty argued in its motion for summary judgment that Orix does not have standing to challenge the new judge's qualifications to hold the office of district court judge and, as a result, the trial court did not have jurisdiction to entertain Orix's claim. American Realty argued that only the State may challenge a judge's qualifications to hold office in a proceeding in the nature of quo warranto. It also argued that even if the new judge was not constitutionally qualified when he was elected to the district court bench, his judicial acts are not void because he was the de facto judge of the court having been elected, sworn into office, and exercising the powers of the office under color of law. We agree with American Realty.

*Orix's Standing to Challenge Judge's Qualifications*

██ Standing is a necessary component of subject matter jurisdiction and a constitutional prerequisite to maintaining a suit under Texas law. *Douglas v. Delp,* 987 S.W.2d 879, 882 (Tex.1999); *OAIC Commercial Assets, L.L.C. v. Stonegate*

*Vill., L.P.,* 234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet. denied). The plaintiff has the initial burden to allege facts demonstrating it has standing to bring the action and the trial court's jurisdiction to hear the cause. *OAIC,* 234 S.W.3d at 735–36. If the court does not have subject matter jurisdiction, it may not consider the merits of the case. *Delp,* 987 S.W.2d at 882. Whether a party has standing to pursue a particular remedy is a question of law, which we review de novo. *OAIC,* 234 S.W.3d at 735.

██ The jurisprudence of our state is "settled that the right of a judge to the office in which he functions may not be attacked collaterally." *Snow v. State,* 134 Tex.Crim. 263, 114 S.W.2d 898, 900–01 (Tex.Crim.App.1938) (op. on reh'g) (collecting cases). The mechanism by which to challenge a public official's right to hold the office is in a proceeding in the nature of quo warranto. *Snow,* 114 S.W.2d at 901; *see State ex rel. McKie v. Bullock,* 491 S.W.2d 659, 660–61 (Tex.1973) (per curiam) (stating only remedy available to challenge elected candidate's qualifications to hold office is quo warranto proceeding); *Walker v. State,* 146 Tex.Crim. 138, 171 S.W.2d 887, 888 (Tex.Crim.App.1943) (holding that defendant could not seek to quash information on ground that county attorney and his assistants were holding office without authority of law because "quo warranto proceeding is the exclusive remedy to test the right of an officer to hold office"); *Rosell v. Cent. W. Motor Stages, Inc.,* 89 S.W.3d 643, 650–52 (Tex. App.-Dallas 2002, pet. denied) (stating "contesting an elected judge's authority to act in a case is a collateral attack on a judge's ability to hold office that is proper only in a direct *quo warranto* proceeding"); *Vick v. City of Waco,* 614 S.W.2d 861, 864 (Tex.Civ.App.-Waco 1981, writ ref'd n.r.e.) (stating "[a] quo warranto pro-

ceeding is the exclusive remedy to test the right of an officer to hold office. It may not be done by ... a litigant upon the trial of a case"); *Toyah Indep. Sch. Dist. v. Pecos–Barstow Consol. Indep. Sch. Dist.,* 497 S.W.2d 455, 456–57 (Tex.Civ.App.-El Paso 1973, writ ref'd n.r.e.), *cert. denied,* 415 U.S. 991, 94 S.Ct. 1590, 39 L.Ed.2d 887 (1974) (stating school board member's "qualification to hold office could not be determined in this collateral proceeding").

■ This rule applies regardless of whether "the person acting as judge is incapable of holding the office, and irrespective of the question whether he was properly elected." *Snow,* 114 S.W.2d at 901.

Proceedings in the nature of quo warranto have been authorized by statute since 1879. *Norville v. Parnell,* 118 S.W.3d 503, 505 (Tex.App.-Dallas 2003, pet. denied). The statute in effect here provides in relevant part:

§ 66.001. Grounds

An action in the nature of quo warranto is available if:

(1) a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office ...

...

§ 66.002. Initiation of Suit

(a) If grounds for the remedy exist, the attorney general or the county or district attorney of the proper county may petition the district court of the proper county or a district judge if the court is in vacation for leave to file an information in the nature of quo warranto.

(b) The petition must state that the information is sought in the name of the State of Texas.

(c) The attorney general or county or district attorney may file the petition on his own motion or at the request of an individual relator.

...

TEX. CIV. PRAC. & REM.CODE ANN. §§ 66.001–.003 (West 2008).

■ The policy reason for the quo warranto statute is:

Public officers should be free to perform their duties without having their authority questioned incidentally in litigation between other parties. They should not be called on to defend their authority unless a proper legal officer of the State has determined that the question raised is serious and deserves judicial consideration as required by [statute]. This settled policy of the State is exemplified by cases holding that the decision of the Attorney General or the district or county attorney to present the information under that statute is a matter of discretion to be exercised for the protection of the public....

*Lewis v. Drake,* 641 S.W.2d 392, 395 (Tex. App.-Dallas 1982, no writ).

■ The quo warranto procedure is a direct proceeding to which the judge is a party. *See Snow,* 114 S.W.2d at 901; *Rosell,* 89 S.W.3d at 651. A direct proceeding against the judge affords the judge the protections of our federal and state constitutions, such as the right to appear, the right to due process, and the right to confront one's accusers, whereas a collateral proceeding does not. In addition, the requirement that a judge's qualifications be challenged only in a direct proceeding in the nature of quo warranto "serves a legitimate purpose: it ensures that a judge's acts will be recognized regardless of any later challenges to the judge's authority so that parties and the public will be able to rely with confidence upon judicial actions. Otherwise 'intolerable confusion would inevitably result.'" *Wilson v. State,* 977 S.W.2d 379, 382 (Tex.Crim.App.

1998) (Keller, J., concurring) (quoting *Snow*, 114 S.W.2d at 901).

■ The law does not permit Orix to challenge the judgment in a prior lawsuit by collaterally attacking the qualifications of the judge who rendered the judgment in the prior lawsuit. And the plain and unambiguous language of the quo warranto statute confers standing to lodge such a challenge on the State, not a private litigant such as Orix. Consequently, we conclude that Orix does not have standing to challenge the new judge's qualifications in this collateral proceeding.

*De facto Judge*

■ Orix contends that a void judgment is always subject to collateral attack in a new lawsuit. And it contends that if quo warranto is the exclusive remedy here, then it has no recourse by which to attack a void judgment.

The Supreme Court of Texas has stated that "a judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court." *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985); *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex. 2010). Although phrased as a jurisdictional issue, Orix's actual contention is that the new judge did not have *authority to act* because he did not meet the constitutional requirements to hold the office of district judge. *See Davis v. State,* 956 S.W.2d 555, 557–60 (Tex.Crim.App.1997) (explaining difference between a court's jurisdiction and a judge's authority to act).

■ But a duly elected judge holding office under color of law and discharging the duties of that office is considered to be a de facto judge and his acts are conclusive as to all parties except the State. *See Snow,* 114 S.W.2d at 900–01; *Rosell,* 89 S.W.3d at 651 (citing *Snow,* 114 S.W.2d at 901). "An official who holds office under color of title (such as an elected or retired judge) is considered to be a *de facto* official, even if all of the legal requirements for holding the office have not been met." *Wilson,* 977 S.W.2d at 382 (Keller, J., concurring). In a case in which a criminal defendant sought to attack his conviction because the judge's appointment had not been confirmed by the Senate when the judge presided over the defendant's case, the Supreme Court of the United States stated that "where a court has jurisdiction of an offense and of the accused, and the proceedings are otherwise regular, a conviction is lawful, although the judge holding the court may be only an officer de facto ...." and "the title of a person acting with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked ...." *Ex parte Ward,* 173 U.S. 452, 454, 19 S.Ct. 459, 43 L.Ed. 765 (1899).

■ This is true, "irrespective of the question whether he was properly elected." *Snow,* 114 S.W.2d at 901. "In no event can a ... de facto judge ... be ousted, *or his official acts successfully challenged,* except in a direct proceeding to which he is a party." *Snow,* 114 S.W.2d at 901 (emphasis added); *Toyah Indep. Sch. Dist.,* 497 S.W.2d at 457 ("an officer whose election or appointment might be illegal and invalid is still a de facto official, and such is particularly true where there is an office to fill and an election had at the time and place authorized by statute").

■ To hold otherwise would subject judges, who hold office by color of law through either an appointment or an election, to "having their authority questioned incidentally in litigation between other parties." *Rosell,* 89 S.W.3d at 651 (quoting *Lewis,* 641 S.W.2d at 395). And it

protects "the public and individuals who have dealings with the official by ensuring that the official's acts will subsequently be recognized." *Wilson,* 977 S.W.2d at 381. "[A]s long as a duly elected judge is holding office under color of law, his actions will be binding on the parties and subject to appeal as in any other lawsuit." *Rosell,* 89 S.W.3d at 652.

In this case, the new judge was elected to the office of judge of a district court, sworn in as the duly elected judge, and discharged the duties of that office. Because the new judge was occupying the office of district judge under color of an election, our jurisprudence holds that he was the de facto judge of that court and that his actions are conclusive as to all parties except the State.

### CONCLUSION

We conclude that the district court did not err by denying Orix's motion for summary judgment and granting American Realty's motion. We affirm the trial court's judgment.