*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-AA-535

VIVIANA SANDOVAL, PETITIONER,

v.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

and

HOTEL & RESTAURANT EMPLOYEES INTERNATIONAL UNION and
COMPANION PROPERTY & CASUALTY, INTERVENORS.

Petition for Review of an Order of the
District of Columbia Department of Employment Services
Compensation Review Board
(CRB-002-13)

(Submitted March 20, 2014                    Decided June 26, 2014)

*David M. Snyder* was on the brief and response for petitioner.

*Irvin B. Nathan*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Gregory M. Cumming*, Assistant Attorney General, filed a statement in lieu of brief for respondent. *Irvin B. Nathan*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, *Deputy Solicitor General*, were on the response for respondent.

*James C. Willett, Jr.* was on the brief for intervenors. *Lauren M. Royer* was on the response for intervenors.

Before FISHER and MCLEESE, *Associate Judges*, and KING, *Senior Judge*.

MCLEESE, *Associate Judge*: Petitioner Viviana Sandoval challenges a decision by the Compensation Review Board ("CRB") affirming a compensation order issued by Administrative Law Judge ("ALJ") Anand K. Verma. While the challenge was pending in this court, Ms. Sandoval advised the court of recent information indicating that ALJ Verma was not a member of the District of Columbia Bar or the Bar of any other jurisdiction in the United States, in violation of 7 DCMR § 221.2 (2014). Ms. Sandoval and the District of Columbia Department of Employment Services ("DOES") both ask the court to remand the case to the CRB for further proceedings, though they disagree about the form those proceedings should take. Intervenors, Ms. Sandoval's employer and an insurance carrier, acknowledge that ALJ Verma was not a member of any Bar but argue that this court nevertheless should affirm the order of the CRB. We vacate the CRB's order and remand the case to the CRB.

In March 2011, Ms. Sandoval was injured in a work-related car accident. Ms. Sandoval subsequently filed a workers' compensation claim seeking an award for 27% permanent partial disability to her right upper extremity and 8% permanent partial disability to her left upper extremity. After an evidentiary hearing, ALJ Verma concluded that he was "not convinced" that Ms. Sandoval had met her burden of establishing entitlement to the claimed relief. Because Ms.

Sandoval's employer did not dispute that Ms. Sandoval had suffered a 5% permanent disability to both upper extremities, however, ALJ Verma issued a compensation order granting Ms. Sandoval that lesser relief. Ms. Sandoval sought review before the CRB, which affirmed on the ground that ALJ Verma's order was supported by substantial evidence and in accordance with the law. Ms. Sandoval petitioned this court for review of the CRB's order.

While the case was pending in this court, Ms. Sandoval moved to stay the proceedings in light of recent allegations that ALJ Verma was not licensed to practice law in the District of Columbia or any other jurisdiction in the United States while he served as an ALJ. In their responses, neither DOES nor intervenors dispute the allegations concerning ALJ Verma, who apparently has since resigned. According to intervenors, ALJ Verma was disbarred by the Indiana Supreme Court in 1998 and made false statements to the Maryland and Pennsylvania Bars, which both denied his application for admission. Intervenors also state that ALJ Verma subsequently obtained a position as an ALJ in the District of Columbia, but was not a member of any Bar during his service as an ALJ. Nevertheless, intervenors argue that this court should affirm the order of the CRB, because ALJ Verma "was acting as an ALJ with permission from and under the protection of the government agency by which he was employed." In addition,

intervenors argue that neither the CRB nor this court has authority to overturn ALJ Verma's ruling unless that ruling was unsupported by substantial evidence in the record. We are not persuaded by intervernors' contentions and conclude that it is in the interests of justice for this court to vacate the CRB's order and remand for further proceedings.

In general, "[o]ur limited role in reviewing the decision of the CRB permits us to reverse only if we conclude that the decision was arbitrary, capricious, or otherwise an abuse of discretion and not in accordance with the law." *Washington Hosp. Ctr. v. District of Columbia Dep't of Emp't Servs.*, 983 A.2d 961, 965 (D.C. 2009) (internal quotation marks omitted). This case, however, presents the unusual circumstance in which DOES itself asks this court to remand the case to the CRB. This court is not required to grant such a request. *Cf., e.g.*, *Coleman v. District of Columbia*, 80 A.3d 1028, 1030 (D.C. 2014) ("We are not required to treat a party's concession as determinative of an issue . . . ."). It is our "general practice," however, to accept concessions by the government that affirmance is not appropriate on the record before the court. *Cf. V.C.B. v. United States*, 37 A.3d 286, 290 (D.C. 2012) (accepting government's concession that trial court committed error requiring reversal). Moreover, the District of Columbia Administrative Procedure Act, D.C. Code § 2-510 et seq. (2012 Repl.), grants this

court the authority "to affirm, modify, or set aside the order or decision complained of, in whole or in part, and, if need be, to remand the case for further proceedings, as justice may require." D.C. Code § 2-510 (a). *See also* D.C. Code § 32-1522 (b)(3) (2012 Repl.) (judicial review of CRB orders is pursuant to District of Columbia Administrative Procedure Act).

It appears to be undisputed that ALJ Verma lacked one of the qualifications that DOES requires of its ALJs. At a minimum, that raises a legitimate question about the validity of ALJ Verma's rulings. *Compare, e.g.*, *Rivera v. Illinois*, 556 U.S. 148, 161-62 (2009) (noting line of cases "in which federal judges or tribunals lacked statutory authority to adjudicate the controversy" and Supreme Court "held the resulting judgment . . . invalid as a matter of federal law"; "Absent a federal constitutional violation, States retain the prerogative to decide whether such errors deprive a tribunal of its lawful authority and thus require automatic reversal."), *with, e.g.*, *Orix Capital Mkts., LLC v. American Realty Trust, Inc.*, 356 S.W.3d 748, 750-55 (Tex. App. 2011) (denying relief to litigant collaterally challenging judgment on ground that judge was not qualified to hold office because judge had failed to comply with bar-licensing requirement); *Meza v. Massanari*, 199 F.R.D. 573, 578 (S.D. Tex. 2001) (denying collateral attack upon ruling of ALJ on ground that ALJ failed to maintain active bar status).

We are inclined to give substantial deference to DOES's judgment about the proper response to decisions rendered by an ALJ who lacks the qualifications required by DOES as the administrator of the Workers' Compensation Act. *See* 7 DCMR § 200.3 (2014) ("The Director [of DOES] . . . is delegated the authority to administer the [Workers' Compensation] Act."); *Howard Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 960 A.2d 603, 606 (D.C. 2008) ("we acknowledge [DOES's] expertise and . . . responsibility for administering the Workers' Compensation Act"); *see generally, e.g.*, *Brown v. District of Columbia Dep't of Emp't Servs.*, 83 A.3d 739, 746 (D.C. 2014) ("our review is subject to well-established doctrines mandating deference to an administrative agency's interpretation of its own rules and regulations").

In its initial response, DOES requested that the court remand the case to the CRB with instructions that the CRB remand the matter to DOES's Administrative Hearings Division for a new hearing before a different ALJ. In a more recent submission, DOES reiterates its position that a new hearing should be held in this case. In light of intervenors' objection, however, DOES now asks that the court remand the case, without instructions, for the CRB to determine in the first instance how to further proceed. Petitioner adheres to the position that this court should direct that a new hearing be held. In support of that position, petitioner

provides orders from several other cases in which the CRB has already vacated compensation orders issued by ALJ Verma.  The CRB's orders, however, do not indicate whether that relief was opposed and state only that "there may be a legal problem" with ALJ Verma's underlying compensation orders.

Under the circumstances, we conclude that it is in the interests of justice for this court to grant DOES's request that we vacate the CRB's order and remand the case to the CRB for the CRB to determine in the first instance how to proceed and to explain the reasons for its determination.  *Cf., e.g.*, *Brown*, 83 A.3d at 752 (remanding case so that CRB could resolve matter in first instance, "engage in the necessary analysis," and provide "clearer exposition" of its reasoning) (internal quotation marks omitted); *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) ("courts retain the discretion to remand an agency decision when an agency has raised substantial and legitimate concerns in support of remand") (internal quotation marks omitted; citing cases).

*So ordered.*