# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00799-CV

**Robert Lee Martin, Appellant**

**v.**

**Bob Perkins, Ronald Earle, Amalia Rodriguez-Mendoza,
Gary Cobb, Diana Medina, and Blake Williams, Appellees**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-000901, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Lee Martin, pro se, appeals the trial court's dismissal of his "Ex Parte Petition for a Writ of Error Quo-Warranto." The court dismissed Martin's petition pursuant to chapter 14 of the Civil Practice and Remedies Code, which governs claims by inmates. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2) (permitting courts to dismiss inmate claims that are frivolous); *see also Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ) (stating that chapter 14 was designed to "control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit"). We affirm the trial court's order.

## BACKGROUND AND STANDARD OF REVIEW

Martin was convicted in 2001 of aggravated sexual assault, a felony, and is currently serving a life sentence for the offense. In 2016 he filed his petition quo warranto against

several public officials connected to his conviction—the Honorable Bob Perkins, the judge who presided over his trial; former Travis County District Attorney Ronald Earle; former Travis County Assistant District Attorney Gary Cobb; Travis County Assistant District Attorney Diana Medina; former Travis County District Clerk Amalia Rodriguez-Mendoza; and former Travis County District Clerk's Office employee Blake Williams—alleging that they did not have their oaths of office on file and that his conviction is therefore "null and void ab initio."

Appellees Earle, Cobb, Medina, and Rodriguez-Mendoza[1] filed a motion to dismiss under chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a). The trial court granted the motion and sua sponte dismissed with prejudice Martin's lawsuit against all of the appellees, determining that the suit (1) has no basis in law because the court lacked jurisdiction; (2) has no basis in fact; and (3) is presumed frivolous because Martin did not comply with chapter 14's requirements. *See id.* § 14.003(b)(2) (permitting court to consider whether claim "has no arguable basis in law or in fact" in determining whether inmate claim is frivolous); *Bell v. Texas Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (stating that when inmate fails to comply with affidavit requirements of section 14.004, court is entitled to presume that suit is substantially similar to one previously filed by inmate and, therefore, frivolous); *see generally* Tex. Civ. Prac. & Rem. Code §§ 14.001–.014 (governing inmate claims).

We review the trial court's order dismissing Martin's petition for an abuse of discretion. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without

---

[1] Martin failed to execute proper service on Perkins and Williams and, therefore, neither party answered the lawsuit or joined in the motion.

reference to any guiding rules and principles. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017).

## DISCUSSION

Martin contends that the trial court erred in determining that it does not have jurisdiction over his petition and in dismissing all of the appellees rather than just those who filed the chapter 14 motion to dismiss. He also contends that his petition has a basis in fact, contrary to the court's determination, and that dismissal was not a proper remedy for his failure to comply with chapter 14's requirements.

"An action in the nature of quo warranto is available if . . . [relevantly] a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office, including an office in a corporation created by the authority of this state [or] a public officer does an act or allows an act that by law causes a forfeiture of his office." Tex. Civ. Prac. & Rem. Code § 66.001(1). Appellees correctly contended in their motion to dismiss that Martin lacks standing to maintain a quo warranto action because the attorney general or county or district attorney must bring such action in the name of the State of Texas. *See id.* § 66.002(a) ("If grounds for the remedy exist, the attorney general or the county or district attorney of the proper county may petition the district court of the proper county . . . for leave to file an information in the nature of quo warranto."), (b) ("The petition must state that the information is sought in the name of the State of Texas."); *Gaines v. Jasso*, No. 05-16-00578-CV, 2017 WL 1908632, at *1 (Tex. App.— Dallas May 10, 2017, no pet.) (mem. op.) (affirming trial court's dismissal of plaintiff's petition for writ of quo warranto alleging that judge who presided over his suit should be removed because he had not signed oath of office because such action may only be brought by attorney

3

general or county or district attorney); *Orix Capital Mkts., LLC v. American Realty Tr., Inc.*, 356 S.W.3d 748, 754 (Tex. App.—Dallas 2011, pet. denied) (holding that judgment debtor lacked standing to bring action in quo warranto to challenge qualifications of district court judge, as only State may pursue action); *see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 627 n.8 (Tex. 2008) ("Quo warranto proceedings are used by the State to protect itself and the good of the public through agents of the State who control the proceedings."); *Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998) (holding that only attorney general or county or district attorney may bring quo warranto action). Because Martin does not have standing to maintain this action, the trial court properly dismissed his petition on the ground that it has no basis in law. *See* Tex. Civ. Prac. & Rem. Code § 14.003(b)(2). Furthermore, the trial court properly dismissed Martin's claim against all appellees, as the court may dismiss an inmate claim that is frivolous even before service of process has been effectuated. *See id.* § 14.003(a).

Nonetheless, Martin contends that an unusual procedural occurrence in the trial court essentially transformed his quo warranto action into one brought by the State. The record shows that his petition was inadvertently dismissed for want of prosecution; in response, Martin filed a lawsuit against the Travis County District Clerk. To rectify this inadvertence, the district clerk filed an equitable bill of review seeking to reinstate Martin's case, which the trial court granted. Because his case was reinstated—via an order signed by the trial court—Martin contends that this quo warranto action "was filed by order of a judge" and thus falls under the statutory requirement that it be brought by the State or on its behalf. However, there is no support for this proposition in the record or under any applicable law. Furthermore, the county attorney's chapter 14 motion to dismiss belies Martin's contention that the action was brought by

the State.  We overrule Martin's first issue, which is dispositive, and thus need not address his other arguments.  *See* Tex. R. App. P. 47.1, 47.4.

## CONCLUSION

The trial court did not abuse its discretion in dismissing Martin's petition for writ of error quo warranto.  Accordingly, we affirm its dismissal order.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   August 13, 2019